WILENTZ, GOLDMAN & SPITZER P.A.
Attorneys at Law
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------X
                                  :
MICHAEL SURRUSCO,                 :
                                  :
         Plaintiff,               :          Civil Action
                                  :
v.                                :          **COMPLAINT AND JURY**
                                  :          **DEMAND**
PORT AUTHORITY OF NEW YORK        :
AND NEW JERSEY, PORT              :
AUTHORITY TRANS-HUDSON CORP.      :
and  ABC CORP. 1-10               :
(fictitious entities, real        :
names unknown),                   :
                                  :
         Defendants.              :
                                  :
---------------------------------X

Plaintiff, Michael Surrusco, residing at 15 Texas Road, Monroe Township, in the County of Middlesex, New Jersey, by his attorney, Giovanni Anzalone, Esq., of Wilentz, Goldman & Spitzer, 90 Woodbridge Center Drive, Suite 900, Box 10, Woodbridge, New Jersey 07095, by way of Complaint against defendant(s) says:

#7594692.1

## JURISDICTION AND VENUE

1. This Court has jurisdiction and venue of this action pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 and 28 U.S.C. § 1357.

## FIRST COUNT

1. That at all relevant times, the defendant, Port Authority of New York and New Jersey (hereinafter "Port Authority) was and has been a corporation organized under the provisions of N.J.S.A. 27:25-1 et. seq. and/or has conducted railroad operations in interstate commerce and within the State of New Jersey.

2. That at all relevant times, the rights and obligations of the plaintiff and the defendants for work connected injury, illness, or disease have been governed by the provisions of the Federal Employers' Liability Act. 45 U.S.C.A. 51, et. seq.

3. That on July 15, 2011, plaintiff, Michael Surrusco, was in the course of his employment with defendant, Port Authority of New York and New Jersey as a maintenance and/or mechanical employee for defendant Port Authority Trans-Hudson Corp. in Jersey City, Hudson County, in the course of performing his duties at the defendants' consolidated

#7594692.1

maintenance shop, under conditions known to defendants, when he was caused to be severely and permanently injured while working on a compressor unit without proper supervision, equipment and safety apparatus, thereby creating an unsafe work environment that resulted in the above-referenced incident and injury to plaintiff.

4. That at said time and place, the defendant, Port Authority and/or defendant Port Authority Trans-Hudson Corp., and/or defendants ABC Corp. 1-10, owned, operated, managed or controlled the premises and equipment in question and negligently failed to provide a reasonably safe place for the plaintiff to perform his work, and failed to provide safe and adequate equipment and safety precautions for plaintiff to perform his job.

5. Plaintiff alleges that said accident arose due to hazardous conditions negligently maintained, about which defendants, their agents, servants or employees had due and timely notice and knowledge, and/or which would have been revealed by reasonable maintenance and inspections of the said condition and/or equipment.

6. As a direct and proximate result of the aforesaid negligence of the defendants, Port Authority of New York and New Jersey, Port Authority Trans-Hudson Corp. and/or ABC Corp. 1-10,

#7594692.1

the plaintiff, Michael Surrusco, was caused to sustain severe and painful personal injuries, pain and suffering, loss of wages or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, Michael Surrusco, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

### SECOND COUNT

1. Plaintiff repeats the allegations set forth in the First Count of this Complaint as if fully set forth herein.

2. At the above-referenced place, date and time, the defendants, ABC Corp. 1-10, or any of them, owned, operated and maintained the property and equipment in question.

3. Plaintiff alleges that said accident arose due to hazardous conditions negligently maintained, and/or an unsafe work environment about which defendants, their agents, servants or employees had due and timely notice and knowledge, or which would have been revealed by reasonable maintenance and inspections of the said condition(s) and/or equipment.

#7594692.1

4. As a direct and proximate cause of the aforesaid negligence of the defendants, ABC Corp. 1-10, or any of them, the plaintiff, Michael Surrusco, was caused to sustain severe and painful personal injuries, pain and suffering, loss of wages or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, Michael Surrusco, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

Dated: July 7, 2014

WILENTZ, GOLDMAN & SPITZER
A Professional Association
Attorneys for Plaintiff
By: _____
GIOVANNI ANZALONE

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

#7594692.1

## CERTIFICATION

This matter is not the subject of any other litigation or arbitration proceeding. Further, Plaintiff's counsel is not presently aware of the identity of any other individuals who should be joined as parties to this action.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Plaintiff hereby designates Giovanni Anzalone, Esq. as trial counsel in the within matter.

_____
GIOVANNI ANZALONE

Dated: July 7, 2014

#7594692.1